defendant, they could not abandon the property while it was on their own track if reasonable precaution would save it from destruction.

The only assignment of error being the refusal of the court to enter judgment non obstante veredicto, we overrule it and affirm the judgment.

---

## Bunting, Appellant, *v.* Bunting.

*Divorce—Cruel and barbarous treatment—Indignities to person—Abuse of marital relations—Abuse of children.*

In a libel for divorce by a wife against her husband, there was evidence that the parties had frequent disagreements about the estate of the wife, the husband insisting that the wife's brother who was the trustee for her, should account. The wife testified to abuses of the children by the husband, but the husband insisted that what he did was merely in the way of controlling stubborn children. The wife testified that her husband abused marital relations at improper times, but this was denied by the husband. There was testimony that at the birth of a child the husband displayed great indifference and did not even come home. The husband explained that urgent business reasons kept him away, and that he would have lost a considerable sum of money if he had absented himself from his business at the time. The six judges who heard the appeal being equally divided the action of the lower court in refusing a divorce was affirmed.

Argued May 10, 1912. Appeal, No. 164, April T., 1912, by plaintiff, from decree of C. P. No. 3, Allegheny Co., Aug. T., 1911, No. 225, refusing divorce in case of Wilhelmina H. Bunting v. Charles H. Bunting. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Libel for divorce.

SHAFER, J., filed the following opinion:

The libelant charges cruel and barbarous treatment

and indignities to the person. Upon the hearing of the testimony in this case, and upon a careful perusal of it, since we are unable to find that the respondent has been shown to have been guilty of either cruel and barbarous treatment endangering his wife's life, or of such indignities to her person as to render her condition intolerable and her life burdensome. Of cruel and barbarous treatment endangering her life there is no evidence whatever. As to indignities suffered by the libelant the evidence shows: that the parties were married in March, 1902, in Steubenville, the marriage taking place without the consent of the libelant's mother, the libelant being about six months under twenty-one; the libelant was one of several children, and her father had died leaving her a considerable estate along with her mother and brothers and sisters, and the first matter about which any disagreement arose between the parties was about money matters, the respondent insisting that the libelant's brother, who was managing the estate, was not properly attending to it and that he should be called to an account, which the libelant and her mother did not wish to have done. Three children were born to them, and another ground of complaint of the libelant is that, as she alleges, the respondent was cruel to these children, and beat and abused them. Taking the evidence on this subject as a whole, we are of opinion there was nothing of this kind occurred, except some attempts on his part to control stubborn children. It is also alleged that on the occasion of the birth of one of these children the husband treated his wife very indifferently, not coming home when the birth of the child was announced, but remaining at his business. It appeared, however, that on this particular day the respondent, who was in the rubber stamp business, was required to remain in his office to see to the making of stamps for the clearing house, which were very necessary to be made promptly and out of which he made a considerable sum of money. One of the principal allegations against the respondent is that he abused his wife sexually.

614      BUNTING, Appellant, v. BUNTING.

Opinion of Court below—Opinion of the Court.    [50 Pa. Superior Ct.

This he denies, and it does not appear that she complained to him or anyone about the matters which she now alleges, until after the separation.

We are unable to find from the testimony that the husband was guilty of cruel and barbarous treatment toward his wife, or offering indignities to her person, within the meaning of the divorce act.

The libel is therefore dismissed, the costs to be paid by the libelant.

*Error assigned* was decree refusing divorce.

*John D. Brown*, with him *John E. Winner*, for appellant.

*Thomas M. Marshall*, with him *William H. Leahy* and *Thomas M. Marshall*, for appellee.

PER CURIAM, July 18, 1912:

The six judges who heard this case being equally divided in opinion, the decree is affirmed.

--------

# Wick's Estate.

*Appeals—Executors and administrators—"Party aggrieved"—Act of March 29, 1832, sec. 59, P. L. 190.*

An executor or administrator who comes into the court to which he must account, admitting that he has a specific balance in his hands for distribution, has no standing, as executor or administrator, to appeal from the decree of distribution so long as the decree does not surcharge him, or make distribution of an amount larger than the admitted balance due the estate. He is not a "party aggrieved" within the meaning of sec. 59 of the Act of March 29, 1832, P. L. 190.

Argued May 13, 1912. Appeal, No. 118, April T., 1912, by G. G. Stage, Executor, from decree of O. C. Mercer Co., April T., 1910, No. 10, sustaining exceptions to